1  **WO**
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7                  FOR THE DISTRICT OF ARIZONA
8
9  Ronnie George, an individual,           )   No. CV-09-1589-PHX-MHM
                                           )
10             Plaintiff,                  )   **ORDER**
                                           )
11 vs.                                     )
                                           )
12                                         )
   JGM Group, LLC, an Arizona limited)
13 liability company; and Trojan Air)
   Services, Inc., an Arizona corporation)
14 d/b/a Village Sereno,                   )
                                           )
15             Defendants,                 )
   _____)
16                                         )
   JGM Group, LLC, an Arizona limited)
17 liability company; and Trojan Air)
   Services, Inc., an Arizona corporation)
18 d/b/a Village Sereno,                   )
                                           )
19             Third-Party Plaintiffs      )
                                           )
20 vs.                                     )
                                           )
21                                         )
   K-D Architects, LLC,                    )
22                                         )
               Third-Party Defendant.      )
23 _____)
24
           This case arises on Third-Party Defendant K-D Architects LLC's ("K-D
25
   Architects") Motion to Postpone Settlement Conference and/or Excuse K-D Architects LLC
26
   from Participating in Scheduled Settlement Conference, docket # 50, and Motion to Expedite
27
28

ruling, docket # 49.[1] Defendants JGM Group, L.L.C.'s ("JGM Group") and Trojan Air Services, Inc.'s, ("Trojan Air") Response, docket # 51, oppose either postponing or excusing K-D Architects' principal and insurance representative from participating in the settlement conference. Plaintiff Ronnie George joins in Defendants' opposition. (docket # 52)

After reviewing the briefing, the Court finds that good cause exists to continue the settlement conference in order to conduct a more meaningful settlement conference with all parties, principals and representatives physically present. The settlement conference will be rescheduled to after the July 30, 2010 discovery deadline and before the August 30, 2010 deadline for dispositive motions. Therefore, the Court will reluctantly grant K-D Architects' Motion to Postpone Settlement Conference.

Plaintiff George, a frequent filer in this District Court, filed this action on July 31, 2009, alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. and the Arizona Fair Housing Act, § A.R.S § 41-1491.31, *et seq*. (docket ## 1, 12 at 2) Plaintiff contends Defendants do business as Village Sereno, an apartment complex, located on North 59th Avenue in Glendale, AZ. Plaintiff claims he is a prospective renter at Village Sereno. Mr. George lives with his minor son, Michael George, who requires a wheelchair for mobility. (docket # 12 at 2) When Mr. George visited Village Sereno, he alleges he encountered discriminatory practices against people with disabilities. Plaintiff's claims of discriminatory housing practices are their alleged failure in designing and constructing apartments according to the level of accessibility required by the FHA. (*Id.*) Neither Plaintiff nor Defendants have requested a jury trial. (*Id.* at 8)

Defendants dispute Plaintiff's allegations and deny they have violated the Fair Housing Act or the Arizona Fair Housing Act. (*Id.* at 4) After the assigned trial Judge, the Honorable Mary H. Murguia, United States District Judge, conducted the November 17,

---

[1] K-D Architects' Motion for Expedited Ruling and Reply do not comply with the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules") because each was not properly filed in text-searchable format. See, LRCiv 7.1(c) and definition of ".pdf," ECF Manual, at I(A), p. 2.

1  2009 Rule 16 scheduling conference, setting the current July 30, 2010 discovery and other
2  deadlines and ordering a settlement conference "in June, 2010," docket ## 15, 17,
3  Defendants were granted leave to file their Third-Party Complaint against K-D Architects.
4  (docket # 29) On January 29, 2010, Defendants filed their Third-Party Complaint, alleging,
5  *inter alia*, K-D Architects was a small architecture and design firm, provided construction
6  administration services for the apartments that are the subject of Plaintiff's claims against
7  Defendants, and is, or may be, liable to Defendants for all or part of any judgment for
8  damages that Plaintiff may recover in this action. (docket # 30) K-D Architects waived
9  service of process by acceptance of service on February 4, 2010 but did not file its Answer
10 to Defendants' Third-Party Complaint until April 20, 2010, less than two months ago. K-D
11 Architects denies third-party liability, alleging, *inter alia*, that "K-D's contract with Trojan
12 Air . . . requires mediation and arbitration of any claims [and] is specifically enforceable
13 under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. . . . ." (docket # 30)

14  As directed by Judge Murguia, this settlement conference has been scheduled
15 by court order for June 15, 2010 at 2:00 p.m., three weeks before K-D Architects appeared
16 in this action and **over two months** before K-D Architects filed its June 9, 1010 Motion to
17 Postpone Settlement Conference and/or Excuse K-D Architects LLC from Participating in
18 Scheduled Settlement Conference. (docket # 50) Obviously, K-D Architects' counsel did
19 not participate in the November 17, 2009 Rule 16 scheduling conference. Nobody notified
20 the settlement conference Judge's chambers that a new party had been added to this litigation
21 and, therefore, the Settlement Conference Order does not address K-D Architects'
22 obligations before and at the June 15, 2010 settlement conference. It is believed, however,
23 that K-D Architects' counsel has known, or should have known, that this settlement
24 conference has been scheduled for June 15, 2010 for weeks, if not months, yet counsel
25 delayed filing K-D Architects' Motions until late in the afternoon on Wednesday, June 9,
26 2010 and has the audacity to request expedited consideration of its Motions.

27  K-D Architects' Motion to Postpone Settlement Conference and/or Excuse
28 K-D Architects LLC from Participating in Scheduled Settlement Conference contends that

- 3 -

because of its recent addition to this case it "has much less information about the case than does counsel for Plaintiff and Defendants." (docket # 50 at 2) The Court notes that the District Court's file reflects the absence of any formal discovery initiated by K-D Architects and its initial disclosures were only recently filed on June 8, 2010. Essentially, K-D Architects' counsel argues he has had insufficient time to adequately prepare for the June 15 settlement conference and needs an additional 60-90 days before K-D Architects can "meaningfully participate" in a settlement conference. Significantly, K-D Architects informs the Court that Kent Dounay, the sole owner K-D Architects, "recently died after a lengthy illness, and K-D's office has closed and any employees who might have knowledge of this project have been discharged." (*Id.*) K-D Architects' counsel claims he "has not yet been able to obtain the records of K-D from Mr. Dounay's widow . . . [and] counsel does not have all the information needed to assess the claims asserted against K-D." (*Id.*) Under penalty of perjury, K-D Architects' counsel avows that "Mr. Dounay passed away on 22 February 2010, before providing [counsel] with the requested information and documentation." (docket # 53, attached Declaration of Benjamin L. Hodgson, ¶ 8) To date, K-D Architects' counsel has been unsuccessful in "obtaining additional information and documentation from K-B and Mr. Dounay's widow." (*Id.*, ¶ 9) Adding to K-D Architects' counsels' challenges, "K-D's only small office has closed, and any employees who might have knowledge of this project have been discharged." (docket # 53 at 3)

K-D Architects' counsel also contends K-D Architects intend to file a Rule 12(b)(6) dismissal motion on the grounds that Defendants have no right to indemnity or contribution for disability claims under either state or federal law, citing *U.S. v. Quality Built Constr., Inc.*, 309 F.Supp.2d 767 (E.D.N.C. 2003); *U.S. v. Murphy Development, LLC*, 2009 WL 3614829 (M.D.Tenn 2009); and *Equal Rights Center v. Niles Bolton Associates*, 2010 WL 1544088 (4th Cir. 2010). (docket # 50 at 4) Incredibly, K-D Architects' counsel offers no excuse why he waited to three business days before the settlement conference to file his

Motions.[2] K-D Architects' counsel also points out a calendar conflict with Maricopa County Superior Court case *Rhodes Homes of Arizona, LLC v. Stanley Consultants, Inc.*, et al., No. CV2006-011358 which is apparently set for mediation also on June 15. The Court gives no weight to this conflict because this federal settlement conference has been set for June 15 longer than this State case has been set for mediation, K-D Architects' counsel waited to the last minute to move to continue the federal settlement conference, and has not followed established State protocol to resolve the calendar conflicts between different cases and judges.

Joined by Plaintiff, docket # 52, Defendants oppose K-D Architects' Motion, because (1) "Defendants' representative has been in Canada for the last month and has already purchased non-refundable plane tickets so that he may travel to and from Arizona in order to participate in the Settlement Conference[;]" (2) "K-D has been aware of the claims in this case since Defendants made an arbitration demand against it on November 17, 2009[;] and it is Plaintiff's "intention to proceed directly against K-D. Thus, K-D will remain in this lawsuit regardless of its stated defense." (docket # 51 at 2) "K-D is an essential party to the mediation as Defendants will not settle without K-D's participation." *Id*.

Because Plaintiff has not sought to amend his Complaint by the January 24, 2010 amendment deadline, docket # 17 at 1, and no party has moved to extend the current and dispositive deadlines known by all counsel, it is unlikely the assigned Judge will find good cause to extend the deadlines, especially considering the tenor of Judge Murguia's April 8, 2010 text-entry order. All counsels' lack of due diligence in timely moving to extend the current Rule 16 deadlines does not constitute good cause under Rule 16(b), especially when the Ninth Circuit has made clear that the Rule 16 deadlines "must be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("Federal Rule of Civil

---

[2] If either Plaintiff or Defendants incurred any economic loss, such as, the purchase or penalty for changing a non-refundable airline ticket to attend the June 15, 2010 solely due to K-D Architects' untimely filing of the subject Motions, a motion for sanctions may be filed with the assigned District Judge *after* the settlement conference has concluded.

Procedure 16 is to be taken seriously."). Despite K-D Architects' counsel's apparent failure to take the July 30, 2010 discovery deadline seriously and his unreasonable delay in moving to postpone the scheduled settlement conference, the death of Mr. Dounay was clearly beyond the control of K-D Architects' counsel, creating substantial challenges to defend Defendants' claims. Although no party has provided this settlement conference Judge with a copy of the Defendants' contract with K-D Architects, confirming the existence of a contractual arbitration clause between Defendants, or one of them, and K-D Architects, Defendants have not denied the existence of such an arbitration clause. Therefore, it is likely K-D Architects' counsel will move to compel arbitration in the near future rather than risk waiving its client's right to arbitration by urging a dispositive motion to dismiss. See, *AZ Holding, L.L.C. v. Frederick*, 2010 WL 500443 (D.Ariz. 2010) and the relevant authority on waiver and prejudice cited therein.

Based on the foregoing, continuing this settlement conference to after the July 30, 2010 deadline for all parties, counsel and representatives to participate in a mandatory settlement conference is the best of the lesser options presented to the settlement conference Judge at this time.

Accordingly,

**IT IS ORDERED** that Third-Party Defendant K-D Architects LLC's Motion to Postpone Settlement Conference and/or Excuse K-D Architects LLC from Participating in Scheduled Settlement Conference, docket # 50, and Motion to Expedite ruling, docket # 49, are **GRANTED**.

**IT IS FURTHER ORDERED** resetting the Settlement Conference from June 15, 2010 to **Wednesday, August 4, 2010 at 2:00 p.m.**

**IT IS FURTHER ORDERED** affirming all orders contained in the Court's Settlement Conference Order, docket # 41, except for the date and time of said conference and that all such orders therein shall apply to Third-Party Defendant K-D Architects LLC except as set forth below. Plaintiff and Defendants are not required to submit additional settlement conference memoranda but are required to provide complete copies to K-D

Architects' counsel **no less than 5 business days** before the rescheduled settlement conference.

**IT IS FURTHER ORDERED** that Third-Party Defendant K-D Architects shall provide to this settlement conference Judge's chamber's email box and all counsel its settlement conference memorandum **no less than 5 business days** before the rescheduled settlement conference. K-D Architects' insurance representative shall be physically present at the settlement conference.

If Mr. Dounay's widow has substantively nothing to contribute toward the factual issues in dispute and her consent to settle the claims alleged against K-D Architects is not a condition precedent to any settlement by K-D Architects' insurance representative, K-D Architects' counsel must file a motion to excuse her physical presence from the rescheduled settlement conference **no less than 5 business days** before the rescheduled settlement conference.

Dated this 14th day of June, 2010.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge